# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|    Amanda M. Baum, | : | |
|         Debtor. | : | Bankruptcy No. 17-13057-MDC |

# O R D E R

**AND NOW**, John L. McClain (the "Applicant"), counsel to Amanda M. Baum (the "Debtor"), filed the Application for Compensation of Attorney's Fees (the "Application")[1] in which the Applicant requests the allowance of compensation in the amount of $4,000.00 and the reimbursement of expenses in the amount $0.00.

**AND**, the Applicant was paid $250.00 by the Debtor prior to the filing of the petition (the "Pre-Paid Amount").

**AND**, the Applicant certified that proper service has been made on all interested parties.

**AND**, the Applicant has filed a certification of no response.

**AND**, the Court of Appeals held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, the Court of Appeals has instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief." *Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 116 (3d Cir. 1976).

---

[1] Bankr. Docket No. 51.

**AND**, this Court finding that the Applicant's request for compensation significantly exceeds the amount disclosed by the Applicant's original Disclosure of Compensation Pursuant to F.R.B.P. 2016(b) ("the 2016(b) Statement").

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** and **DENIED IN PART**.

2. Compensation is allowed in favor of the Applicant in the total amount of $3,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $0.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331 & 503(b).

Dated: August 28, 2018

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

John L. McClain, Esquire
John L. McClain and Associates
P.O. Box 123
Narberth, PA 19072-0123

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107